## Case No. 10,301.

NORMAN et al. v. STORER et al.

[1 Blatchf. 593.] [1]

Circuit Court, S. D. New York. Oct. Term, 1850.

EXECUTORS AND ADMINISTRATORS — PROFITABLE INVESTMENT—ACCOUNTING TO LEGATEE —COSTS OF SUIT.

1. Where $1,000 was given to a legatee by a will, the money to be raised out of the testator's estate, and paid over to the legatee; and the executor and trustee under the will, having raised the money, instead of paying it to the legatee, purchased bank stock with it; and afterwards, when called on by the legatee to account, sold the bank stock, and paid over the proceeds, $1,460.34, to the duly authorized agent of the legatee, which he received as and for the $1,000 legacy, the stock having been sold with his knowledge and assent, *held* that, as there was no evidence the legatee was advised of the purchase of the bank stock, or ever assented to it, the executor had a right to sell the stock and pay over the proceeds.

2. Until the investment was sanctioned by the legatee, he had a right to claim the money; and until then, too, the executor had a right to recall or change the investment, or pay over the legacy, being bound, if any profits were made by the investment, to account for them, and to make up the loss, if any.

3. The stock did not belong to the legatee, and the executor was guilty of no conversion or wrong in selling it.

4. In a suit in equity against an executor and trustee for an account, where it appears that he acted in good faith in the execution of his trust, but misapprehended his duty in the particulars in respect to which he is charged in the final decree, he will, where a balance is found by a master's report to be due from him, be charged with interest only from the date of the report on the sum found due.

[Cited in Robinett's Appeal, 36 Pa. St. 186.]

5. But, he will be charged with the costs of the suit, although he succeeded on several points in it, and *greatly reduced* the amount claimed from him. The balance found was contested by him, and the suit was necessary to recover it.

The bill in this case was filed against the defendants [George L. Storer and William Van Hook] as executors and trustees of the estate of David Berdan, deceased, and called for an account and settlement of the share of the estate which belonged to Frances, the wife of the plaintiff [Anthony M.] Norman, and the widow of the testator. She took under the will, in lieu of dower, certain interests in the real and personal estate which went into the hands of the executors. The case was heard on pleadings and proofs, and a decision given in October, 1846, on various questions raised, and a reference made to a master to take and state the accounts between the parties, and

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

report them with the evidence, documentary or oral, that might be given before him. The court then decided, that a certain power of attorney given by Mrs. Norman, (then Mrs. Berdan,) to her brother John S. Chapman, on the 15th of February, 1835, was legal and binding on all the parties concerned, and authorized the attorney to collect, receive and control all the funds and moneys in the hands of the defendants belonging to her individually, and which she had a right to collect and receive as her individual and absolute property from the executors, as bequeathed to her under the will of her late husband. All other questions were reserved till the coming in of the master's report. [Case unreported.] The case now came up on exceptions by the plaintiffs to the master's report.

Seth P. Staples, for plaintiffs.
Robert Emmet, for defendants.

NELSON, Circuit Justice, after disposing of an unimportant exception, proceeded as follows:

The next exception is to the allowance of the payment of the $1,000 legacy belonging to Mrs. Berdan under the will. This sum was to be raised out of the estate of the testator, and paid over to the legatee, to be disposed of as she saw fit. The defendant Storer having raised the money, instead of paying it over to Mrs. Berdan, purchased forty shares of stock in the Fulton Bank, which cost $1,359.39. On the 18th of February, 1835, the stock was sold for $1,460.34, and the proceeds were paid to Chapman, her agent. The stock was purchased in the name of Storer, in trust for Mrs. Berdan, and was charged in his books as paid to her; but there is no evidence that she was advised of the purchase, or that she ever assented to it. The stock was sold with the knowledge and assent of the agent, and he received the proceeds as and for the legacy of the $1,000.

The power of attorney to the agent authorized him to transact all business in relation to the estate of Mrs. Berdan, to settle her accounts with the executors, and to receive whatever sums of money might be due to her, or remained in the hands of the executors, or of any other person, &c. It is insisted that the stock belonged to Mrs. Berdan; that the power of attorney did not authorize the receipt of the avails of it; and that the sale and payment of the proceeds by the executor were in his own wrong, and the allowance by the master erroneous.

It is clear that, until the investment of the legacy in the bank stock by Storer was sanctioned by Mrs. Berdan, she had a right to repudiate it, and claim the money. It is, also, equally clear, that until then the executor had a right to recall the investment, or change it, or pay over the legacy or money to her. He held the money in trust, and it

was in accordance with his general duty as trustee to place the fund in some safe investment until it was paid over. But, this did not change the relation in which he stood to the fund, or to Mrs. Berdan, or alter the liability he was under in respect to it, as executor under the will. If any profits were made by the investment, he was bound to account for them; as a trustee is not allowed to speculate with the trust funds for his own advantage. These are general principles, applicable to trustees, and to all persons standing in that relation; and are applied every day in courts of equity in the settlement of their accounts. The investment is for the security of the fund; and that it may not lie idle until paid over to the cestui que trust.

Inasmuch as the legacy was due, there can be no doubt that it would at any time have been competent for Storer to have converted the stock into money, and paid it over to Mrs. Berdan in discharge of his trust, including the gains, if any, and making up the loss, if any; and that this right would have continued until, by an arrangement between them, she had agreed to accept the stock in lieu of the legacy.

The idea that a trustee who has invested the fund in his hands for safety or profit while the trust continues, and until the money is to be paid over to the cestui que trust, is guilty of a conversion or wrong in recalling the investment, and putting himself in a condition to discharge himself of the trust, is altogether unfounded. He is obliged to make the conversion, or pay the money out of his own pocket. In this case, Storer was called on for the money, as the power of attorney was ample for this purpose; and a refusal to pay it over would have subjected him to an action. Mrs. Berdan had never assented to the investment, and she or her authorized agent had a right to call for the advance at any time. For these reasons, I am satisfied that the exception taken to the master's report is not well founded, and that the item was properly allowed.

Subsequently questions arose in the case as to the allowance of interest on items in the account, that had been adjusted with Chapman, but which it was held did not come within the power of attorney; and also as to costs. The master had left the question of interest open, and referred it to the court. The allowance of interest was resisted by the counsel for the executors.

NELSON, Circuit Justice. I am of opinion that, under the circumstances, interest should be allowed only from the date of the report on the sum reported by the master as due to the plaintiffs. My impression throughout the case was, that the defendants had acted in good faith in the execution of their trust, but had misapprehended

their duties in the particulars in respect to which they were charged in the final decree of the court. I am also of opinion, that the defendants must be charged with the costs of the litigation. It is true that the court decided in their favor on the question as to the validity of the power of attorney, and thereby reduced greatly the amount claimed by the plaintiffs. But still, a balance has been found against the defendants, which has been contested by them throughout the litigation; and the suit was necessary to obtain its recovery. The question upon the power went only to an abatement of the amount claimed, not to the whole cause of action. All that can be said is, that the plaintiffs have recovered much less than they claimed and expected. But this affords no proper ground or any cause, of itself, for denying costs to the prevailing party. The suit was necessary* in order to recover the balance found, as it was not admitted in the answer, but on the contrary was contested on various grounds which turn out to have been unfounded.